LILES, Judge.
Plaintiff Anderson, Bryan & Campbell, Inc., appellant here, brought suit against appellee The First National Bank of Wau-chula, a national banking corporation, in the Circuit Court in and for Hardee County, Florida. The cause was tried before a jury which returned a verdict for the defendant.
*820 Anderson, Bryan & Campbell, Inc., was owned by J. G. Anderson, Jr., and Roger S. Greene, each owning fifty percent of the stock. Both were officers and directors of the corporation. The corporation was involved in various farming, citrus and purchases of citrus futures. In 1967, the plaintiff purchased certain futures which were in danger of being lost unless additional money was paid to protect the investment. Mr. Anderson and Mr. Greene arranged for the corporation to borrow $25,000 from a coporation owned by Mr. Horace McDonald by the name of M & O Company. The loan was made by the plaintiff with the personal endorsement of both Mr. Anderson and Mr. Greene on the note. M & O Company then borrowed $25,000 from the defendant The First National Bank of Wauchula. The loan was a non-interest bearing loan except for that interest that was charged by the defendant Bank for the loan to M & O Company.
Subsequent to this transaction and as a separate activity, Mr. Greene borrowed on his own behalf $10,000 from Mr. McDonald. Mr. McDonald then borrowed from defendant Bank $10,000. Thereafter, Mr. Greene desired to borrow an additional $15,000 from Mr. McDonald who arranged the loan through another corporation owned by him entitled Valley Citrus, Inc. Valley Citrus, Inc., likewise borrowed an additional $15,000 from The First National Bank of Wauchula, of which Mr. Greene was at all times the president.
Mr. Anderson was a real estate broker in North Carolina. In May of 1967, he left for North Carolina and instructed Mr. Greene and Mr. McDonald to sell the citrus futures when the time seemed appropriate. Shortly thereafter the citrus futures were sold and the broker handling the account, Merrill Lynch, Pierce, Fenner & Smith, issued its check in the amount of $44,494.77 payable to plaintiff Anderson Bryan & Campbell, Inc. The check was then delivered to Mr. Greene who in addition to being president of The First National Bank of Wauchula was vice president and secretary-treasurer of the plaintiff corporation. Plaintiff maintained its regular bank account with the defendant Bank. Upon receipt of the check in the sum of $44,494.77 by Mr. Greene, he caused to be placed on the check the Bank’s endorsement which read as follows: “Credited account within named payee endorsement guaranteed, First National Bank of Wauchula, Florida.” Mr. Greene then made out three deposit slips as follows:
One in the amount of $15,000 to Valley Citrus, Inc.
One in the amount of $10,000 to Horace F. McDonald
One in the amount of $19,494.67 to‘ the account of Anderson, Bryan & Campbell, Inc., Stock Account.
The “stock account” was a new account opened in the name of the plaintiff corporation. Shortly thereafter, Mr. Greene wrote checks on the stock account for the entire amount except the sum of $248.94. Mr. Greene then prepared checks against the two accounts for Mr. McDonald and Valley Citrus, Inc. He had Mr. McDonald come to the bank where he delivered to him the two deposit slips and obtained from him the bank notes, thereby satisfying the indebtedness owed by Mr. Greene to Mr. McDonald and Valley Citrus, Inc. and at the same time they paid the defendant Bank the $25,000 owed by Mr. McDonald and Valley Citrus, Inc. to the defendant Bank.
Mr. Greene then represented to Mr. Anderson that the loan to M & O Company had been paid from the proceeds of the sale of the citrus futures and that the balance had been used by him for personal expenses which Mr. Anderson never questioned.
The record reflects that both Mr. Greene and Mr. Anderson could write checks on the plaintiff corporation for their own personal expenses without question from each other. Mr. Greene had represented to Mr. Anderson that the check from Merrill Lynch, Pierce, Fenner & Smith was for the amount of $32,000 and that he had used *821 $25,000 to pay M & O Company and had spent the balance on personal expenses. Mr. Anderson believed that M & O Company had been paid. He did not find out that the loan had not been paid until suit was brought by M & O Company against plaintiff corporation for the loan.
Subsequently, Anderson, Bryan & Campbell, Inc. brought suit against The First National Bank of Wauchula, alleging that Mr. Greene, as president of defendant Bank, had converted $25,000 belonging to the plaintiff corporation for his own use.
With this background the case went to the jury on the issue of whether Mr. Greene was acting as president of defendant Bank or as an officer of the plaintiff corporation when he paid his personal loan of $25,000 to Mr. McDonald and Valley Citrus, Inc., together with the issue of whether the proceeds of the check representing the sale of the citrus futures actually belonged one-half to Mr. Anderson and one-half to Mr. Greene, rather than to the plaintiff corporation. The jury returned a verdict for the defendant. Plaintiff’s motion for new trial was denied and this appeal ensued.
The appellant urges first that the knowledge of the fraudulent conversion by the defendant’s president should be imputed to the defendant Bank thereby making the defendant Bank liable for the $25,000. Ap-pellee restated the question contending that the real issue was whether or not there was a jury question concerning the agency of Roger Greene.
Appellant further contends that the endorsement placed on the check by the defendant Bank’s president required that any value received by the defendant Bank be deposited to plaintiff’s account, and to the extent that defendant failed to comply with the endorsement those funds were received and converted by the Bank. Ap-pellee again restates the question and asks “Did the endorsement on the check legally preclude the application of the proceeds in any manner other than directly to the plaintiff’s account?”
Appellant also submits that the lower court erred in submitting to the jury any issue concerning the ownership of the funds converted by the defendant Bank’s president. Appellee again reframes the question: “Was there a jury issue concerning the ownership of the stock fund which were represented by the proceeds of the check?”
Appellant, in support of his first point regarding the agency question, urges that the defendant’s president’s actions were imputed to the defendant Bank and the Bank is hereby liable for the conversion of the $25,000. The cases cited in support of this contention are voluminous, and likewise hold that the actions of Mr. Greene as president of defendant Bank be imputed to the Bank. However, we do not agree that this law is governing in this case. The additional fact here, which is borne out by the record, is that Mr. Greene had authority to write checks on the plaintiff corporation as did Mr. Anderson; and that Mr. Greene from time to time wrote checks on the plaintiff’s account for his own personal use without question by Mr. Anderson. Therefore, it becomes apparent that the law cited by the apellant does not apply in this case. Had Mr. Greene not had the power to write checks on the plaintiff corporation, even for his personal use, it would have been a different matter, and the acts of Mr. Greene might very well have been imputed to the defendant Bank. Here there was at least a jury question as to whether Mr. Greene was acting primarily under the authority granted him as officer, and part owner, of the corporation. There was evidence that the authority given Mr. Greene was in some ways more indicative of a personal business than a corporation.
In regard to appellant’s second and third points, we believe there was sufficient evidence in the record to support the sub *822 mission of these issues to the jury. That having been,done the jury found for the defendant. No error having been made to appear the judgment is therefore affirmed.
PIERCE, C. J., and McNULTY, J., concur.